UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:16-cv-1382-JMS-MPB |
| vs. | ) | |
| | ) | |
| DNL AUTOMOTIVE, INC., | ) | |
| STEVEN P. RISI, and | ) | |
| KIMBERLY A. MCGUIRE, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT WITH JURY DEMAND AND AFFIRMATIVE DEFENSES

Defendants DNL Automotive, Inc. ("Dealer"), Steven P. Risi ("Risi"), and Kimberly A. McGuire ("McGuire" and collectively with Dealer and Risi, the "Defendants"), by counsel, for their Answer to the allegations contained in the Complaint filed in this case, respond as follows:

### Jurisdiction and Venue

1.      Plaintiff is a Delaware Corporation with its principal place of business at 1320 City Center Drive, Suite 100, Carmel, Indiana  46032.

**ANSWER:**      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and accordingly, those allegations are deemed denied.

2.      DNL Automotive, Inc. is a New York Corporation having a physical address of 1104 Route 9 W. Marlboro, New York 12542.

**ANSWER:**      Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.      Steven P. Risi is an individual residing at 8 Hopeview Court, Newburgh, New York  12550.

**ANSWER:**    Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.      Kimberly A. McGuire is an individual residing at 8 Hopeview Court, New York 12550.

**ANSWER:**    Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.      Venue is proper in this Court as the Note, as that term is defined herein, grants the courts of Hamilton County, Indiana jurisdiction over all matters arising under the Note.

**ANSWER:**    Defendants respectfully refer the Court to the Note attached as Exhibit A to the Complaint, the terms of which speak for themselves, and deny all allegations contained in paragraph 5 of the Complaint that are inconsistent with the terms thereof.

**Allegations Common to all Counts**

6.      On or about May 29, 2013, Dealer and Plaintiff entered into a Demand Promissory Note and Loan and Security Agreement (the "Note") in the principal sum of $1,800,000.00, together with interest payable and other charges all as stated in the Note, whereby Dealer granted Plaintiff a security interest in all of its assets and properties wherever located, including, without limitation, all equipment of any kind or nature; all vehicles, vehicle parts and inventory then owned or thereafter acquired; purchase money inventory, the purchase of which was financed or floorplanned by Plaintiff for Dealer, of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts receivable, chattel paper, and general

intangibles then owned or thereafter acquired by Dealer, together with the proceeds thereof; and all of Dealer's documents, books and records relating to the foregoing (the "Collateral"). A true and accurate copy of the Note is attached hereto and incorporated herein as <u>Exhibit A</u>.

**<u>ANSWER:</u>**   Defendants respectfully refer the Court to the Note attached as Exhibit A to the Complaint, the terms of which speak for themselves, and deny all allegations contained in paragraph 6 of the Complaint that are inconsistent with the terms thereof.  Further, Dealer admits that it signed the Note.  Defendants deny all other allegations contained in paragraph 6 of the Complaint.

7.    The Note was, by its terms, an amendment and restatement of all prior notes between Dealer and Plaintiff.

**<u>ANSWER:</u>**   Defendants respectfully refer the Court to the Note attached as Exhibit A to the Complaint, the terms of which speak for themselves, and deny all allegations contained in paragraph 7 of the Complaint that are inconsistent with the terms thereof.  Further, Dealer admits that it signed the Note.  Defendants deny all other allegations contained in paragraph 7 of the Complaint.

8.    On or about May 29, 2013, Risi executed an Individual Guaranty (the "Risi Guaranty") in favor of Plaintiff, whereby Risi guaranteed prompt and full payment to Plaintiff of all liabilities and obligations of Dealer pursuant to the Note. A true and correct copy of the Risi Guaranty is attached hereto and incorporated herein as <u>Exhibit B</u>.

**<u>ANSWER:</u>**   Defendants respectfully refer the Court to the Risi Guaranty attached as Exhibit B to the Complaint, the terms of which speak for themselves, and deny all allegations contained in paragraph 8 of the Complaint that are inconsistent with the terms thereof.  Further,

Risi admits that he signed the Risi Guaranty.  Defendants deny all other allegations contained in paragraph 8 of the Complaint.

9.     On or about May 29, 2013, McGuire executed an Individual Guaranty (the "McGuire Guaranty") in favor of Plaintiff, whereby McGuire guaranteed prompt and full payment to Plaintiff of all liabilities and obligations of Dealer pursuant to the Note. A true and correct copy of the McGuire Guaranty is attached hereto and incorporated herein as Exhibit C.

**ANSWER:**    Defendants respectfully refer the Court to the McGuire Guaranty attached as Exhibit C to the Complaint, the terms of which speak for themselves, and deny all allegations contained in paragraph 9 of the Complaint that are inconsistent with the terms thereof.  Further, McGuire admits that she signed the McGuire Guaranty.  Defendants deny all other allegations contained in paragraph 9 of the Complaint.

10.     Plaintiff duly perfected its security interest in the Collateral by filing a UCC Financing Statement with the Office of the New York Secretary of State (the "Financing Statement"). A true and accurate copy of the Financing Statement is attached hereto and incorporated herein as Exhibit D.

**ANSWER:**    Defendants respectfully refer the Court to the Financing Statement attached as Exhibit D to the Complaint, the terms of which speak for themselves, and deny all allegations contained in paragraph 10 of the Complaint that are inconsistent with the terms thereof.  Defendants lack knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 10 of the Complaint, and accordingly, those allegations are deemed denied.

11.     Plaintiff advanced funds to Dealer and to certain third parties on Dealer's behalf for the purchase of inventory as Collateral pursuant to the terms of the Note.

**ANSWER:**   Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.     The funds advanced by Plaintiff to Dealer and to certain third parties on Dealer's behalf have not been fully repaid as agreed.

**ANSWER:**   Regarding the allegations contained in paragraph 12 of the Complaint, Defendants assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015.  Defendants deny all other allegations contained in paragraph 12 of the Complaint.

13.     Dealer defaulted under the Note by, *inter alia*, failing to make payments of principal and/or interest due thereunder.

**ANSWER:**   Regarding the allegations contained in paragraph 13 of the Complaint, Defendants assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015.  Defendants deny all other allegations contained in paragraph 13 of the Complaint.

14.     As a result of the occurrence and continuance of an Event of Default, as that term is defined in the Note, Plaintiff declared the entire Indebtedness due.

**ANSWER:**   Defendants admit that Plaintiff declared the entire Note due as alleged in paragraph 14 of the Complaint, but deny that Plaintiff had the right to do so.  Defendants lack knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 14 of the Complaint, and accordingly, those allegations are deemed denied.

15.     As of June 18, 2015, the amounts due and owing under the Note total $667,004.21, exclusive of attorneys' fees and costs (the "Indebtedness").

**ANSWER:** Regarding the allegations contained in paragraph 15 of the Complaint, Defendants assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 15 of the Complaint, and accordingly, those allegations are deemed denied.

16. The amount due from Dealer pursuant to the Note has not been paid.

**ANSWER:** Regarding the allegations contained in paragraph 16 of the Complaint, Defendants assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 16 of the Complaint, and accordingly, those allegations are deemed denied.

17. As a result of Dealer's default, Plaintiff has incurred additional expenses under the Note, including, without limitation, attorneys' fees and court costs, all of which amounts Plaintiff is entitled to recover as the holder of the Note.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and accordingly, those allegations are deemed denied.

## COUNT I - BREACH OF CONTRACT

18. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 17, the same as if set forth verbatim herein.

**ANSWER:** For its response to the allegations contained in paragraph 18 of the Complaint, Defendants incorporate and restate their responses set forth in the preceding paragraphs 1 through 17.

19. As set forth above, Dealer defaulted under the Note by, *inter alia*, failing to make payments of principal and/or interest due thereunder.

**ANSWER:** Regarding the allegations contained in paragraph 19 of the Complaint, Defendants assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015. Defendants deny all other allegations contained in paragraph 19 of the Complaint.

20. Despite demand for payment, Dealer has failed or refused to make payments for the amounts due and owing under the Note.

**ANSWER:** Defendants admit that Plaintiff has made demands for payment, which have not been paid by Defendants as alleged in paragraph 20 of the Complaint, but Defendants further assert that Plaintiff wrongfully declared default and that the existence of any indebtedness is due to Plaintiff's wrongful declaration of default and failure to mitigate damages. Further, Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 20 of the Complaint, and accordingly, those allegations are deemed denied.

21. The Indebtedness is now due and owing and has not been paid by Dealer.

**ANSWER:** Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Plaintiff owns and holds the Note and all rights to recover thereunder for Dealer's breach of contract.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and accordingly, those allegations are deemed denied.

23.     All conditions precedent to the right of Plaintiff to recover under the Note have occurred-or have been waived.

**ANSWER:**   Defendants respectfully refer the Court to the Note attached as Exhibit A to the Complaint, the terms of which speak for themselves, and deny all allegations contained in paragraph 23 of the Complaint that are inconsistent with the terms thereof.  Defendants lack knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 23 of the Complaint, and accordingly, those allegations are deemed denied.

WHEREFORE, Defendants respectfully request that the Court deny in its entirety the relief sought in Count I of the Complaint, dismiss Count I of the Complaint with prejudice, and grant Defendants all other just and proper relief.

## COUNT II - BREACH OF GUARANTY - STEVEN P. RISI

24.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 23 herein, the same as if set forth verbatim herein.

**ANSWER:**   For its response to the allegations contained in paragraph 24 of the Complaint, Defendants incorporate and restate their responses set forth in the preceding paragraphs 1 through 23.

25.     As a condition of extending credit to Dealer, Plaintiff required Risi to execute the Risi Guaranty in favor of Plaintiff, whereby Risi guaranteed prompt and full payment of all liabilities and obligations of Dealer pursuant to the Note (the "Guaranteed Obligations").

**ANSWER:**     Risi respectfully refers the Court to the Risi Guaranty attached as Exhibit B to the Complaint and denies all allegations contained in paragraph 25 of the Complaint that are inconsistent with the terms thereof.  Risi lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 25 of the Complaint, and accordingly, those allegations are deemed denied.

26.     Under the terms of the Risi Guaranty, Risi waived, *inter alia*, the right to receive notice of demand of any kind.

**ANSWER:**     Risi respectfully refers the Court to the Risi Guaranty attached as Exhibit B to the Complaint and denies all allegations contained in paragraph 26 of the Complaint that are inconsistent with the terms thereof.  Risi lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 26 of the Complaint, and accordingly, those allegations are deemed denied.

27.     The Risi Guaranty provides for the recovery of all reasonable costs of collection and attorneys' fees.

**ANSWER:**     Risi respectfully refers the Court to the Risi Guaranty attached as Exhibit B to the Complaint and denies all allegations contained in paragraph 27 of the Complaint that are inconsistent with the terms thereof.  Risi lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 27 of the Complaint, and accordingly, those allegations are deemed denied.

28.     Dealer is in default under the Note, and there are unpaid amounts due and owing by Dealer, all of which constitute Guaranteed Obligations of Risi.

**ANSWER:**     Risi respectfully refers the Court to the Note attached as Exhibit A to the Complaint and the Risi Guaranty attached as Exhibit B to the Complaint and denies all allegations contained in paragraph 28 of the Complaint that are inconsistent with the terms thereof.  Risi further denies that Dealer was in default at the time its assets were seized by Plaintiff.  Risi asserts that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015.  Risi lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 28 of the Complaint, and accordingly, those allegations are deemed denied.

29.     Plaintiff owns and holds the Risi Guaranty and all rights to recover thereunder for Risi's breach of guaranty.

**ANSWER:**     Risi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and accordingly, those allegations are deemed denied.

30.     All conditions precedent to the right of Plaintiff to recover under the Risi Guaranty have occurred or have been waived.

**ANSWER:**     Risi respectfully refers the Court to the Risi Guaranty attached as Exhibit B to the Complaint, the terms of which speak for themselves, and deny all allegations contained in paragraph 30 of the Complaint that are inconsistent with the terms thereof.  Risi further denies that Dealer was in default at the time its assets were seized by Plaintiff.  Risi lacks knowledge or

information sufficient to form a belief as to the truth of any other allegations contained in paragraph 30 of the Complaint, and accordingly, those allegations are deemed denied.

WHEREFORE, Risi respectfully requests that the Court deny in its entirety the relief sought in Count II of the Complaint, dismiss Count II of the Complaint with prejudice, and grant Risi all other just and proper relief.

### COUNT III - BREACH OF GUARANTY - KIMBERLY A. MCGUIRE

31.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 30 herein, the same as if set forth verbatim herein.

**ANSWER:**     For its response to the allegations contained in paragraph 31 of the Complaint, Defendants incorporate and restate their responses set forth in the preceding paragraphs 1 through 30.

32.     As a condition of extending credit to Dealer, Plaintiff required McGuire to execute the McGuire Guaranty in favor of Plaintiff, whereby McGuire guaranteed prompt and full payment of all liabilities and obligations of Dealer pursuant to the Note (as before, the "Guaranteed Obligations").

**ANSWER:**     McGuire respectfully refers the Court to the Note attached as Exhibit A to the Complaint and the McGuire Guaranty attached as Exhibit C to the Complaint and denies all allegations contained in paragraph 32 of the Complaint that are inconsistent with the terms thereof.  McGuire lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 32 of the Complaint, and accordingly, those allegations are deemed denied.

33.     Under the terms of the McGuire Guaranty, McGuire waived, *inter alia*, the right to receive notice of demand of any kind.

**ANSWER:**   McGuire respectfully refers the Court to the McGuire Guaranty attached as Exhibit C to the Complaint and denies all allegations contained in paragraph 33 of the Complaint that are inconsistent with the terms thereof.  McGuire lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 33 of the Complaint, and accordingly, those allegations are deemed denied.

34.     The McGuire Guaranty provides for the recovery of all reasonable costs of collection and attorneys' fees.

**ANSWER:**   McGuire respectfully refers the Court to the McGuire Guaranty attached as Exhibit C to the Complaint and denies all allegations contained in paragraph 34 of the Complaint that are inconsistent with the terms thereof.  McGuire lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 34 of the Complaint, and accordingly, those allegations are deemed denied.

35.     Dealer is in default under the Note, and there are unpaid amounts due and owing by Dealer, all of which constitute Guaranteed Obligations of McGuire.

**ANSWER:**   McGuire respectfully refers the Court to the Note attached as Exhibit A to the Complaint and to the McGuire Guaranty attached as Exhibit C to the Complaint and denies all allegations contained in paragraph 35 of the Complaint that are inconsistent with the terms thereof.  McGuire further denies that Dealer was in default at the time its assets were seized by Plaintiff.  McGuire lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 35 of the Complaint, and accordingly, those allegations are deemed denied.

36.     Plaintiff owns and holds the McGuire Guaranty and all rights to recover thereunder for McGuire's breach of guaranty.

**ANSWER:**   McGuire lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and accordingly, those allegations are deemed denied.

37.   All conditions precedent to the right of Plaintiff to recover under the McGuire Guaranty have occurred or have been waived.

**ANSWER:**   McGuire respectfully refers the Court to the McGuire Guaranty attached as Exhibit C to the Complaint and denies all allegations contained in paragraph 37 of the Complaint that are inconsistent with the terms thereof.  McGuire further denies that Dealer was in default at the time its assets were seized by Plaintiff.  McGuire lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 35 of the Complaint, and accordingly, those allegations are deemed denied.

WHEREFORE, McGuire respectfully requests that the Court deny in its entirety the relief sought in Count III of the Complaint, dismiss Count III of the Complaint with prejudice, and grant McGuire all other just and proper relief.

### COUNT IV – CONVERSION - DNL AUTOMOTIVE INC., STEVEN P. RISI AND KIMBERLY A. MCGUIRE

38.   Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 37, the same as if set forth verbatim herein.

**ANSWER:**   For its response to the allegations contained in paragraph 38 of the Complaint, Defendants incorporate and restate their responses set forth in the preceding paragraphs 1 through 37.

39.   Pursuant to the terms of the Note, Plaintiff possesses an immediate and unqualified right to possession of any proceeds resulting from the sale of the Collateral.

**ANSWER:**     Defendants respectfully refer the Court to the Note attached as Exhibit A to the Complaint, the terms of which speak for themselves, and deny all allegations contained in paragraph 39 of the Complaint that are inconsistent with the terms thereof.  Defendants further deny that Dealer was in default at the time Plaintiff repossessed the Collateral.  Defendants lack knowledge or information sufficient to form a belief as to the truth of any other allegations contained in paragraph 39 of the Complaint, and accordingly, those allegations are deemed denied.

40.     Dealer has sold no fewer than forty-nine (49) items of Collateral without remitting the proceeds from such sales as it was required do under the terms of the Note.

**ANSWER:**     Defendants admit that from time to time Dealer had sold cars and with the knowledge and consent of Plaintiff, retained proceeds for longer than five (5) business days. Further, Defendants assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015. Defendants lack knowledge or information sufficient to determine how many cars were sold under this arrangement as of the time Plaintiff seized the assets of Dealer.  Defendants deny all other allegations contained in paragraph 40 of the Complaint.

41.     Risi was and is aware of Dealer's sales of the Collateral out of trust.

**ANSWER:**     Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.  Defendants further assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014

and approximately $287,000 in January of 2015.  Defendants deny all allegations contained in paragraph 41 of the Complaint that are inconsistent therewith.

       42.     McGuire was and is aware of Dealer's sales of the Collateral out of trust.

      **ANSWER:**    Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.  Defendants deny all allegations contained in paragraph 42 of the Complaint that are inconsistent therewith.

       43.     Risi personally participated in one or more sales of Collateral for which Plaintiff has not been paid.

      **ANSWER:**    Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.  Defendants deny all allegations contained in paragraph 43 of the Complaint that are inconsistent therewith.

       44.     McGuire personally participated in one or more sales of Collateral for which Plaintiff has not been paid.

      **ANSWER:**    Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.  Defendants deny all allegations contained in paragraph 44 of the Complaint that are inconsistent therewith.

45.     Risi is, and was at all times relevant to this proceeding, a participant in the day-to-day operations and management of Dealer.

**ANSWER:**   Defendants admit the allegations contained in paragraph 45 of the Complaint.

46.     As a participant in the daily operations of Dealer's car lot, Risi actively participated in the misappropriation of the proceeds of one or more items of Collateral.

**ANSWER:**   Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.  Defendants further assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015.  Defendants deny all allegations contained in paragraph 46 of the Complaint that are inconsistent therewith.

47.     McGuire is, and was at all times relevant to this proceeding, President and sole owner of Dealer.

**ANSWER:**   Defendants admit the allegations contained in paragraph 47 of the Complaint.

48.     As the President and sole owner of Dealer, McGuire actively participated in the misappropriation of the proceeds of one or more items of Collateral.

**ANSWER:**   Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.  Defendants further assert that Dealer

made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015.  Defendants deny all allegations contained in paragraph 48 of the Complaint that are inconsistent therewith.

49.     By failing to remit the proceeds of one or more items of Collateral, Dealer, Risi and McGuire knowingly and intentionally exercised unauthorized control over the property of Plaintiff.

**ANSWER:**     Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.   Defendants deny all allegations contained in paragraph 49 of the Complaint that are inconsistent therewith.

50.     Pursuant to Indiana's Civil Action by Crime Victim Statute, codified at Ind. Code § 34-24-3-1 *et seq*., Plaintiff is entitled to seek treble damages from Dealer, Risi and McGuire for any actual damages suffered as a result of the conversion committed by Dealer, Risi and McGuire as well as reimbursement of its fees, costs, and other enumerated expenses.

**ANSWER:**     Regarding the allegations contained in paragraph 50 of the Complaint, Defendants assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015.  Defendants deny all other allegations contained in paragraph 50 of the Complaint.

51.     Dealer, Risi and McGuire committed willful and malicious injury to Plaintiff by misappropriating and converting the proceeds of certain Collateral.

**ANSWER:**     Regarding the allegations contained in paragraph 51 of the Complaint, Defendants assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million

in the last seven month of 2014 and approximately $287,000 in January of 2015.  Defendants deny all other allegations contained in paragraph 51 of the Complaint.

52.     As of June 18, 2015, Plaintiff has suffered actual damages of not less than $585,176.63 resulting from the sales of at least forty-nine (49) items of Collateral out of trust.

**ANSWER:**    Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.  Defendant further assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015.  Defendants deny all allegations contained in paragraph 52 of the Complaint that are inconsistent therewith.  Further, Defendants lack knowledge or information sufficient to form a belief as to how Plaintiff has calculated its alleged damages, and accordingly, those allegations are deemed denied.

WHEREFORE, Defendants respectfully request that the Court deny in its entirety the relief sought in Count IV of the Complaint, dismiss Count IV of the Complaint with prejudice, and grant Defendants all other just and proper relief.

### COUNT V – FRAUD - ADDITIONAL EXTENSIONS OF CREDIT OBTAINED THROUGH FRAUD BY DNL AUTOMOTIVE INC., STEVEN P. RISI AND KIMBERLY A. MCGUIRE

53.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 52, the same as if set forth verbatim herein.

**ANSWER:**    For its response to the allegations contained in paragraph 53 of the Complaint, Defendants incorporate and restate their responses set forth in the preceding paragraphs 1 through 52.

54.     On or about October 27, 2014, Dealer sold a 2006 SAAB 9-7X, VIN 5S3ET13S162804167 (the "Saab"), to Colleen P. Campbell ("Campbell") of Fort Montgomery, New York. A true and accurate copy of the Vehicle Cash Purchase Agreement for the Saab, redacted to conceal all personally identifying information of Campbell, is attached hereto and incorporated herein as <u>Exhibit E</u>. Upon information and belief, <u>Exhibit E</u> was executed by McGuire on behalf of Dealer.

**<u>ANSWER:</u>**     Defendants admit the allegations contained in paragraph 54 of the Complaint.

55.     On or about October 27, 2014, Dealer received payment from First Niagara Bank, on behalf of Campbell, in the amount of $11,094.26. A true and accurate copy of First Niagara Bank's Teller Check No. 5546477802 dated October 27, 2014 made payable to DNL Automotive in the amount of $11,094.26, redacted to conceal all personally identifying information of First Niagara Bank, is attached hereto and incorporated herein as <u>Exhibit F</u>.

**<u>ANSWER:</u>**     Defendants admit the allegations contained in paragraph 55 of the Complaint.

56.     The Saab was included in the Collateral and had been financed by Plaintiff for Dealer on August 29, 2014 as Stock Number 607.

**<u>ANSWER:</u>**     Defendants admit the allegations contained in paragraph 56 of the Complaint.

57.     Dealer, Risi and McGuire failed to tender payment on the Saab to Plaintiff, despite Dealer's contractual requirement to tender payment in full on all sold vehicles floored by Plaintiff to Plaintiff within forty-eight (48) hours of disposing of such vehicles.

**ANSWER:**   Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.   Defendants deny all allegations contained in paragraph 57 of the Complaint that are inconsistent therewith.

58.    McGuire is, and was at all times relevant to this proceeding, the President and sole owner of Dealer.

**ANSWER:**   Defendants admit the allegations contained in paragraph 58 of the Complaint.

59.    As the sole owner of Dealer, McGuire had knowledge, at or near the time of the sale, that the Saab was being sold out of trust.

**ANSWER:**   Defendants assert that Plaintiff had provided a grace period to Defendants to forward proceeds of sale of collateral for several years and that the grace period had not expired at the time Plaintiff declared default and seized the collateral, which thereby prevented Defendants from forwarding payments due to Plaintiff.   Defendants deny all allegations contained in paragraph 59 of the Complaint that are inconsistent therewith.

60.    Dealer, Risi and McGuire actively concealed from Plaintiff the sale of the Saab as well as Dealer's receipt of payment for the Saab.

**ANSWER:**   Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.    On December 16, 2014, Risi advised John Taffe, an auditor whom Risi knew to be auditing Dealer's lot on Plaintiffs behalf, that the Saab was not on Dealer's lot but had been

taken to another location by Dealer, that the Saab had not been sold and that it was still part of Dealer's inventory.

**ANSWER:**   Defendants admit that they advised Plaintiff's auditor of the location of the Saab, which was at a repair shop.  Defendants further assert that it was not determined as of that conversation if the vehicle could be repaired or if the sale would have to be cancelled. Defendants deny all other allegations contained in paragraph 61 of the Complaint.

62.    Plaintiff did not discover that the Saab had been sold until after January 6, 2015.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and accordingly, those allegations are deemed denied.

63.    Between December 17, 2014 and January 6, 2015, unaware that Dealer, Risi and McGuire had defrauded Plaintiff, Plaintiff advanced not less than $308,500.00 (the "Improperly Obtained Advances") to Dealer for the purchase of no fewer than twenty-five (25) additional vehicles for Dealer's inventory.

**ANSWER:**   Defendants admit that Plaintiff made advances to Dealer between December 17, 2014 and January 6, 2015.  Defendants deny that Defendants had defrauded Plaintiff.   Defendants further assert that Dealer made 25 payments to Plaintiff totaling approximately $283,805 on and after December 17 through December 31, 2014, and another 35 payments to Plaintiff totaling approximately $241,151 in January of 2015 for a cumulative total of $524,956.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Complaint, and accordingly, those allegations are deemed denied.

64.     Because Dealer, Risi and McGuire concealed the true ownership of the Saab from Plaintiff, Plaintiff was unaware on December 17, 2014 that Campbell had a claim to the title for the Saab.

**ANSWER:**   Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Had Plaintiff been aware on December 17, 2014 that Dealer, Risi and McGuire had defrauded Plaintiff, Plaintiff would have immediately locked Dealer's credit line, preventing disbursement of the Improperly Obtained Advances.

**ANSWER:**   Regarding the allegations contained in paragraph 65 of the Complaint, Defendants assert that Dealer made 25 payments to Plaintiff totaling approximately $283,805 on and after December 17 through December 31, 2014 and another 35 payments to Plaintiff totaling approximately $241,151 in January of 2015 for a cumulative total of $524,956.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 65 of the Complaint, and accordingly, those allegations are deemed denied.

66.     Dealer, Risi and McGuire made no payments to Plaintiff towards three (3) of the twenty-five (25) vehicles that Dealer floorplanned with Plaintiff through the Improperly Obtained Advances.

**ANSWER:**   Regarding the allegations contained in paragraph 66 of the Complaint, Defendants assert that Dealer made 25 payments to Plaintiff totaling approximately $283,805 on and after December 17 through December 31, 2014 and another 35 payments to Plaintiff totaling approximately $241,151 in January of 2015 for a cumulative total of $524,956.  Defendants further assert that the grace period to make payments had not expired as of the time that Plaintiff

seized all of the collateral.  Defendants lack knowledge or information sufficient to form a belief as to how Plaintiff applied proceeds from the sale of collateral and other collections, and accordingly, those allegations are deemed denied.  Defendants deny all other allegations contained in paragraph 66 of the Complaint inconsistent therewith.

67.    Dealer's, Risi's and McGuire's actions constitute actual fraud upon Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.    Pursuant to Indiana's Civil Action by Crime Victim Statute, codified at Ind. Code § 34-24-3-1 *et seq.*, Plaintiff is entitled to seek treble damages from the Dealer, Risi and McGuire for any actual damages suffered as a result of the fraud perpetrated upon Plaintiff by the Dealer, Risi and McGuire, as well as reimbursement of its fees, costs, and other enumerated expenses.

**ANSWER:**    Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.    As of June 18, 2015, a balance of $101,266.58 in principal, interest, fees and other charges remains due and owing on the Improperly Obtained Advances.

**ANSWER:**    Regarding the allegations contained in paragraph 69 of the Complaint, Defendants assert that Dealer made at least 344 payments to Plaintiff totaling over $3.6 million in the last seven month of 2014 and approximately $287,000 in January of 2015.  Defendants deny that the advances were improperly obtained.  Defendants lack knowledge or information sufficient to form a belief as to the calculations set forth in paragraph 69 of the Complaint, and accordingly, those allegations are deemed denied.  Defendants deny any other allegations contained in paragraph 69 of the Complaint.

WHEREFORE, Defendants respectfully request that the Court deny in its entirety the relief sought in Count V of the Complaint, dismiss Count V of the Complaint with prejudice, and grant Defendants all other just and proper relief.

### AFFIRMATIVE AND OTHER DEFENSES

1       Plaintiff has failed to mitigate its damages.

2.      Plaintiff's actions to repossess the collateral and stop Defendant Dealer from operating even though the grace period for payment had not expired caused the damages for which Plaintiff seeks recovery.

3.      Plaintiff cannot profit by its wrongful acts.

### DEMAND FOR JURY

Defendants demands a jury on all issues raised in the Complaint and their Answer.

Respectfully submitted,

ICE MILLER LLP

s/ Adam Arceneaux
Adam Arceneaux, Atty. No. 17219-49
Sarah L. Fowler, Atty. No. 30621-49
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
Adam.Arceneaux@icemiller.com
Sarah.Fowler@icemiller.com

and

Richard L. Weisz (admitted *pro hac vice*)
HODGSON RUSS LLP
677 Broadway, Suite 301
Albany, New York 12207
(518) 465-2333
RWeisz@hodgsonruss.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Christopher M. Trapp                ctrapp@nextgearcapital.com
Michael G. Gibson                   michael.gibson@nextgearcapital.com

I further certify that on June 28, 2016, a copy of the foregoing was mailed by first class U.S. Mail, postage prepaid, and properly addressed to the following:

N/A

s/ Adam Arceneaux
Adam Arceneaux