UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


NEXTGEAR CAPITAL, INC.,           )
                                  )
            Plaintiff,            )
       v.                         )        Case No.:  1:16-cv-1382-JMS-MPB
                                  )
DNL AUTOMOTIVE, INC.,             )
STEVEN P. RISI, and               )
KIMBERLY A. MCGUIRE,              )
                                  )
            Defendants.           )


## MOTION TO STRIKE DEFENDANTS' DEMAND FOR A JURY TRIAL

Plaintiff NextGear Capital, Inc. ("Plaintiff"), by counsel, for its Motion to Strike

Defendants' Demand for a Jury Trial, states the following:

1.      The Complaint in this matter was filed on June 26, 2015.

2.      On June 6, 2016, defendants DNL Automotive, Inc. ("Dealer"), Steven P. Risi

("Risi") and Kimberly A. McGuire ("McGuire") (collectively, the "Defendants"), by counsel, filed

a Notice of Removal of this matter to the United States District Court for the Southern District of

Indiana, Indianapolis Division.

3.      On or about June 27, 2016, Defendants, by counsel, filed their Answer wherein

Defendants demanded a trial by jury.

4.      The Defendants, however, waived their right to a jury trial.  In paragraph 23 of the

Note ("The Note") that is subject matter of Count I of the Complaint, DNL Automotive, Inc.

("Dealer"),  waived the right to a jury trial:

> WAIVER OF JURY TRIAL.   AFTER CONSULTING OR HAVING HAD THE
> OPPORTUNITY TO CONSULT WITH COUNSEL, LENDER AND BORROWER

KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT EITHER PARTY MAY HAVE TO A TRIAL BY JURY IN ANY LITIGATION BASED UPON OR ARISING OUT OF THIS NOTE OR ANY OTHER LOAN DOCUMENT, OR ANY OF THE TRANSACTIONS CONTEMPLATED BY THIS NOTE OR ANOY OF THE OTHER LOAN DOCUMENTS, ANY COURSE OF CONDUCT, STATEMENT, WHETHER ORAL OR WRITTEN, OR ACTIONS OF LENDER OR BORROWER. NEITHER LENDER NOR BORROWER SHALL SEEK TO CONSOLIDATE, BY COUNTERCLAIM OR OTHERWISE, ANY ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. THESE PROVISIONS SHALL NOT HAVE BEEN DEEMED TO HAVE BEEN MODIFIED IN ANY RESPECT OR RELINQUISHED BY LENDER OR BORROWER EXCEPT BY WRITTEN INSTRUMENT EXECUTED BY BOTH LENDER AND BORROWER.

(Complaint, Exhibits A, capitals original).

5.        Similarly, in paragraph 5(f) of the Individual Guaranties ("The Guaranties") that is

the subject matter of Count II and III of the Complaint, Guarantors agreed as follows:

WAIVER OF JURY TRIAL.  AFTER CONSULTING OR HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, LENDER AND GUARANTOR KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT EITHER PARTY MAY HAVE TO A TRIAL BY JURY IN ANY LITIGATION BASED UPON OR ARISING OUT OF THIS GUARANTY OR ANY OF THE TRANSACTIONS CONTEMPLATED BY THIS GUARANTY, OR ANY COURSE OF CONDUCT, STATEMENT, WHETHER ORAL OR WRITTEN, OR ACTIONS OF LENDER OR GUARANTOR.   NEITHER LENDER NOR GUARANTOR SHALL SEEK TO CONSOLIDATE, BY COUNTERCLAIM OR OTHERWISE, ANY ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. THESE PROVISIONS SHALL NOT HAVE BEEN DEEMED TO HAVE BEEN MODIFIED IN ANY RESPECT OR RELINQUISHED BY LENDER OR GUARANTOR EXCEPT BY WRITTEN INSTRUMENT EXECUTED BY BOTH LENDER AND GUARANTOR.

(Complaint, Exhibit B and C, capitals original).

6.        Defendants admitted that they signed both the Note and the Guaranties in the

Answer.

7.   "[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law

in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222, 83 S. Ct. 609, 9

L. Ed. 2d 691 (1963). Parties may, however, waive this right via contract. *See, e.g., IFC*

*Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991-92 (7th Cir. 2008) (upholding the validity and enforceability of a jury waiver provision). When parties sign a jury waiver provision, that provision is to be interpreted under the same state law that governs the substantive components of the contract as a whole. *See id*." *Exec. Mgmt. Servs. v. Fifth Third Bank*, 2014 U.S. Dist. LEXIS 22792 (S.D. Ind. Feb. 24, 2014)

8.      Indiana law governs the interpretation of the Note and Guaranties in this case. (Exhibit A ¶ 20, Exhibit B and C ¶ 5(c) )

9.      In turn, under Indiana law, "[t]he right to trial by jury is a right that anyone may waive if he shall see fit." *Indiana Univ. Hosps. v. Carter*, 456 N.E.2d 1051, 1054 (Ind. Ct. App. 1983). A right to jury trial may be waived by contract, so long as the signee has an opportunity to read the terms of the contract and voluntarily assent to those terms. *Sanford v. Castleton Health Care, LLC*, 813 N.E.2d 411, 418 (Ind. App. 2004).  Because Defendants voluntarily agreed to waive trial by jury, their jury demand should be denied.

**WHEREFORE**, NextGear Capital prays that Defendants' demand for jury trial be denied, and for all other relief that is just and proper.

Respectfully submitted,

NEXTGEAR CAPITAL, INC.

/s/ Michael G. Gibson
Christopher M. Trapp (#27367-53)
Michael G. Gibson (#29665-49)
NEXTGEAR CAPITAL, INC.
1320 City Center Drive, Suite 100
Carmel, IN  46032
Telephone:  (317) 571-3736
Facsimile: (317) 571-3737
chris.trapp@nextgearcapital.com
michael.gibson@nextgearcapital.com
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 11, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Adam Arceneaux | Adam.Arceneaux@icemiller.com |
| Sarah L. Fowler | Sarah.Fowler@icemiller.com |
| Richard L. Weisz | RWeisz@hodgsonruss.com |

I further certify that on July 11, 2016, a copy of the foregoing was mailed by first class U.S. Mail, postage prepaid, and properly addressed to the following:

N/A

/s/ Michael G. Gibson
Michael G. Gibson (#29665-49)