UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| *Plaintiff*, | ) ) ) |
| *vs.* | ) ) No. 1:16-cv-01382-JMS-MPB ) |
| DNL AUTOMOTIVE, INC., STEVEN P. RISI, and KIMBERLY A. MCGUIRE, | ) ) ) |
| *Defendants*. | ) ) |

## **ORDER**

On July 18, 2016, in response to the Court's July 12, 2016 Order, [Filing No. 16], Plaintiff Nextgear Capital, Inc. ("Nextgear") filed a Response to Notice of Removal, [Filing No. 17]. Nextgear's Response, however, is not sufficient to comply with Local Rule 81-1.

Local Rule 81-1 provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

In its Response, Nextgear simply states that it "acknowledges that this Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship of the parties." [Filing No. 17 at 1.]  But Nextgear does not state whether it agrees with Defendants' statements in the Notice of Removal regarding each party's citizenship:  namely, whether it agrees that: (1) it is a Delaware corporation with its principal place of business in Indiana; (2) Defendant DNL Automotive, Inc. is a New York corporation with its principal place of business in New York; (3)

1

Defendant Steven Risi is a citizen of New York; and (4) Defendant Kimberly McGuire is a citizen of New York.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Accordingly, the Court **ORDERS** Nextgear to file an Amended Local Rule 81-1 Statement by **August 3, 2016**, which sets forth all of the information required by Local Rule 81-1, including whether it agrees with the specific allegations in the Notice of Removal regarding the citizenships of all of the parties.

Date:  July 26, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**