UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| NEXTGEAR CAPITAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DNL AUTOMOTIVE, INC., ) <br> STEVEN P. RISI, and ) <br> KIMBERLY A. MCGUIRE, ) <br> ) <br> Defendants. ) | Case No. 1:16-cv-1382-JMS-MPB <br><br> **JURY TRIAL DEMANDED** |

## JOINTLY PROPOSED CASE MANAGEMENT PLAN

**I.    Parties and Representatives**

    A.    Plaintiff:    NextGear Capital, Inc.

          Represented by:    Christopher M. Trapp (#27367-53)
                              Michael G. Gibson (#29665-49)
                              NEXTGEAR CAPITAL, INC.
                              1320 City Center Drive, Suite 100
                              Carmel, IN  46032
                              Telephone:  (317) 571-3736
                              Facsimile: (317) 571-3737
                              chris.trapp@nextgearcapital.com
                              michael.gibson@nextgearcapital.com

    B.    Defendant:    DNL Automotive, Inc.

          Represented by:    Adam Arceneaux, Atty. No. 17219-49
                                  Sarah L. Fowler, Atty. No. 30621-49
                              ICE MILLER LLP
                              One American Square, Suite 2900
                              Indianapolis, IN 46282
                              Phone: (317) 236-2100
                              Fax: (317) 592-4257
                              Adam.Arceneaux@icemiller.com
                              Sarah.Fowler@icemiller.com

          and

          Richard L. Weisz (admitted *pro hac vice*)
          HODGSON RUSS LLP
          677 Broadway, Suite 301
          Albany, New York 12207
          Phone: (518) 465-2333
          Fax:  (866) 505-7860
          RWeisz@hodgsonruss.com

C.    Defendant:    Steven P. Risi

    Represented by:    Adam Arceneaux, Atty. No. 17219-49
          Sarah L. Fowler, Atty. No. 30621-49
          ICE MILLER LLP
          One American Square, Suite 2900
          Indianapolis, IN 46282
          Phone: (317) 236-2100
          Fax: (317) 592-4257
          Adam.Arceneaux@icemiller.com
          Sarah.Fowler@icemiller.com

          and

          Richard L. Weisz (admitted *pro hac vice*)
          HODGSON RUSS LLP
          677 Broadway, Suite 301
          Albany, New York 12207
          Phone: (518) 465-2333
          Fax:  (866) 505-7860
          RWeisz@hodgsonruss.com

D.    Defendant:    Kimberly A. McGuire

    Represented by:    Adam Arceneaux, Atty. No. 17219-49
          Sarah L. Fowler, Atty. No. 30621-49
          ICE MILLER LLP
          One American Square, Suite 2900
          Indianapolis, IN 46282
          Phone: (317) 236-2100
          Fax: (317) 592-4257
          Adam.Arceneaux@icemiller.com
          Sarah.Fowler@icemiller.com

          and

> Richard L. Weisz (admitted *pro hac vice*)
> HODGSON RUSS LLP
> 677 Broadway, Suite 301
> Albany, New York 12207
> Phone: (518) 465-2333
> Fax:  (866) 505-7860
> RWeisz@hodgsonruss.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.   **Jurisdiction and Statement of Claims**

    A.   This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

    B.   Plaintiff's Statement of Claims:

> Plaintiff is a "floor plan lender" that provides secured loans to car dealers and wholesalers to acquire and/or retain inventory for resale. On May 29, 2013, defendant DNL Automotive, Inc. ("Dealer") executed a secured promissory note (the "Note") in favor of Plaintiff, pursuant to which Dealer was given a $1,800,000.00 revolving line of credit to buy automobiles. The Note grants Plaintiff a security interest in Dealer's inventory. Plaintiff perfected its security interest by filing a UCC-1 Financing Statement. The remaining defendants executed personal guaranties of the Note. Dealer defaulted under the Note and Plaintiff filed suit to collect the sums due under the Note and corresponding guaranties. Specifically at issue in this case are one hundred fourteen (114) vehicles, forty-nine (49) of which were sold "out of trust" in contravention of the terms of the Note, meaning that Dealer sold the forty-nine (49) vehicles to consumers, but failed to hold the proceeds from the collateral sales in trust, or to remit them to NextGear Capital. The remaining vehicles have been sold at auction in accordance with the Uniform Commercial Code, and Plaintiff is seeking a deficiency judgment.

    C.   Defendants' Statement of Defenses:

> Defendant asserts that it had permission to hold proceeds of car sale for longer than 5 business days and was in compliance with the timeframes established and adopted by custom and practice between the parties.  Defendants therefore dispute Plaintiff's contention that it was in default at the time plaintiff seized its collateral.  Furthermore, Defendant was an operating car dealership that enjoyed a strong reputation with the community and customer base.  If Defendants had been allowed to liquidate the inventory in an orderly fashion, Defendants believe that Plaintiff would have suffered no losses.  Finally, Plaintiff ran the liquidation sales

        itself and added numerous fees and expenses to the damage claims that could have been avoided.

    D.    Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

### III. Pretrial Pleadings and Disclosures

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **October 6, 2016**.

    B.    Plaintiff shall file preliminary witness and exhibit lists on or before **November 7, 2016**.

    C.    Defendants shall file preliminary witness and exhibit lists on or before **December 6, 2016**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **November 7, 2016**.

    E.    Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **November 7, 2016**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

    F.    Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 6, 2017**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 7, 2017**; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before **August 7, 2017**.

    G.    If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **60 days before trial**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **August 7, 2017**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.

The parties anticipate that ESI will be produced and have completed the ESI Supplement to Case Management Plan, which is attached as **Exhibit A** and incorporated herein. The parties agree that any ESI will be produced in both its native formant and either as printed copies of such documents or in PDF, and that all printed for PDF documents produced by the parties will be Bates labeled. If a party produces ESI in a format that is not its native format, the producing party shall identify the native format of the ESI to the other party. Each party will bear its own costs associated with the production of ESI.

Plaintiff intends to seek discovery on, but are not limited to, the following: production of (1) bills of sale pertaining to all vehicles at issue, (2) "deal jackets" (i.e. all state mandated documents required to be maintained by an automotive dealer), and (3) payment records, as well as admissions, interrogatory responses, and deposition testimony from Dealer's principals and the guarantors.

Defendants intend to seek discovery on issues that include, but are not limited to, the following: (1) Plaintiff's course of dealing with Defendants and other similarly-situated customers; (2) Plaintiff's liquidation of its collateral; Plaintiff's alleged damages.

The parties adopt the Court's model clawback provision, set forth below:

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or

5

> control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.    Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiff believes this case is appropriate for summary judgment and expects to file a motion for summary judgment on the grounds that the case involves contractual interpretation and the non-payment of loans. The terms of the Note and the guaranties dictate the rights and obligations of the Parties, and as such, this matter is the type of dispute that can easily be resolved by summary judgment.

Defendants do not believe that Plaintiff's claim appropriate for a dispositive motion because there are many factual issues that will need to be resolved by a jury.

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

    B.    Select the track that best suits this case:

The Parties are unable to agree on which track is best suited for this case.

Plaintiff believes Track 2 is most appropriate for this matter:

   X   Track 2: Dispositive Motions are expected and shall be filed by **June 6, 2017**; non-expert witness discovery and discovery relating to liability issues shall be completed by **April 6, 2017**; expert witness discovery and discovery relating to damages shall be completed by **October 6, 2017**.

Defendants believe Track 1 is most appropriate for this matter:

   X    Track 1: No dispositive motions are anticipated.  All discovery shall be completed by **October 6, 2017**.

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**    <u>**Pre-Trial/Settlement Conferences**</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in December 2016.**

**VI.**   <u>**Trial Date**</u>

The presumptive trial date is 20 months from the Anchor Date.  The parties request a trial date in February 2018.  A motion to deny Defendants' Jury Request is pending with the Court.  Any trial in this matter is anticipated to take 1 day.

**VII.**   <u>**Referral to Magistrate Judge**</u>

    A.    **Case**.  At this time, all parties <u>do not</u> consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

    B.    **Motions**.  At this time, all parties do not consent to refer motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand, to the assigned Magistrate Judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

I\10750331.2

    B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

        2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

        3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

        4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.**    <u>**Other Matters**</u>

[Insert any other matters any party believes should be brought to the Court's attention]

Respectfully submitted,

| | |
|---|---|
| s/ Michael Gibson | s/ Sarah L. Fowler |
| Christopher M. Trapp (#27367-53) | Adam Arceneaux, Atty. No. 17219-49 |
| Michael G. Gibson (#29665-49) | Sarah L. Fowler, Atty. No. 30621-49 |
| NEXTGEAR CAPITAL, INC. | ICE MILLER LLP |
| 1320 City Center Drive, Suite 100 | One American Square, Suite 2900 |
| Carmel, IN 46032 | Indianapolis, IN 46282 |
| Telephone: (317) 571-3736 | (317) 236-2100 |
| Facsimile: (317) 571-3737 | Adam.Arceneaux@icemiller.com |
| chris.trapp@nextgearcapital.com | Sarah.Fowler@icemiller.com |
| michael.gibson@nextgearcapital.com | |

and

Richard L. Weisz (admitted *pro hac vice*)
HODGSON RUSS LLP
677 Broadway, Suite 301
Albany, New York 12207
(518) 465-2333
RWeisz@hodgsonruss.com

*Attorneys for Plaintiff*          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify that on August 22, 2016, a copy of the foregoing Jointly Proposed Case Management Plan was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Christopher M. Trapp | chris.trapp@nextgearcapital.com |
| Michael G. Gibson | michael.gibson@nextgearcapital.com |
| Adam Arceneaux | adam.arceneaux@icemiller.com |
| Richard L. Weisz | RWeisz@hodgsonruss.com |

                                            s/ Sarah L. Fowler
                                            Sarah L. Fowler

I\10750331.2

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

11

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____           _____
Date                                                                    U. S. District Court
                                                                              Southern District of Indiana

I\10750331.2