# **Exhibit A**

**ESI SUPPLEMENT TO CASE MANAGEMENT PLAN**

To be prepared and submitted as directed pursuant to paragraph III.K. of the Master Case Management Plan or by Court Order.

1. <u>Discovery Scope</u>.  Following a detailed discussion between counsel of a discovery plan for this matter, each party should outline below the categories and types of information that party intends to seek in discovery in this matter.  This outline should include, in addition to identification of the various topics on which discovery will be sought and identification of the nature and type of documents to be produced, a list by each party of the potentially relevant custodians of such information and the date ranges relevant to discovery in this matter.

    Plaintiff:  Plaintiff intends to seek discovery on, but not limited to, the following: production of (1) bills of sale pertaining to all vehicles at issue, (2) "deal jackets" (i.e. all state mandated documents required to be maintained by an automotive dealer), and (3) payment records, as well as admissions, interrogatory responses, and deposition testimony from Dealer's principals and the guarantors.

    Defendants:  Defendants intend to seek discovery on issues that include, but are not limited to, the following: (1) Plaintiff's course of dealing with Defendants and other similarly-situated customers; (2) Plaintiff's liquidation of its collateral; Plaintiff's alleged damages.

2. <u>ESI Sources and Volumes</u>.  With regard to the discovery outlined in paragraph 1, each party should discuss the types of ESI (*e.g.*, Outlook e-mail, Word documents, Excel spreadsheets, CAD drawings, etc.) implicated by the opposing party's requests (meaning that Defendant should address the categories and types of information identified by the Plaintiff, etc.), any proprietary software involved in the production of such ESI, the location of such ESI (*e.g.,* 14 servers located in 3 states, 57 individual PC hard drives that are not connected to a central server, etc.), and the estimated volume of ESI implicated by such requests (*e.g.*, 20 GB of Outlook .pst files, 500 MB of Excel spreadsheets, etc.).

    Plaintiff:  Plaintiff reasonably anticipates, based on Defendants' broad request, that the majority of ESI relevant to this matter would be contained within Plaintiff's proprietary internal records system (named "Discover"). Depending on the depth and breadth of Defendants' requests, Plaintiff anticipates there would likely be between 80 GB and 100GB worth of information. The Discover system is located on Plaintiff's server(s) within the State of Indiana.

    Defendants:  The only relevant ESI anticipated that is in Defendants' possession in an AOL e-mail account, which is on a computer in the possession of Defendants.  It is anticipated that were is no more than 1 GB of emails files.

3. <u>Accessibility</u>.  Identify any potential sources of ESI in this matter that are "not reasonably accessible" as defined by Fed. R. Civ. P. 26(b)(2)(B).

   Plaintiff:  Plaintiff does not anticipate any ESI in this matter that is "not reasonably accessible."

   Defendants:  Defendants to not anticipate any ESI in this matter is "not reasonably accessible."

4. <u>ESI Management Software</u>.  Describe the software each party intends to use to manage any ESI produced in this matter and identify the Information Technology personnel primarily responsible for assisting counsel with the production and management of ESI in this matter.

   Plaintiff:  Plaintiff will utilize the Discover system to manage ESI. Todd Grotelueschen is the manager of the Discover system and would assist counsel with any ESI.

   Defendants:  iConect.  Joe Isom and other members of the Litigation Support team at Ice Miller will be responsible for assisting counsel with the production and management of ESI in this matter.

5. <u>Metadata</u>.  Identify the potential sources of metadata in this matter and each party's anticipated use of metadata in this matter.

   Plaintiff:  Plaintiff does not anticipate the use of metadata in this matter.

   Defendants:  Likely none.

6. <u>ESI Format</u>.  Set forth the format in which each party will produce ESI in this matter.

   The parties agree that any ESI will be produced in both its native formant and either as printed copies of such documents or in PDF, and that all printed for PDF documents produced by the parties will be Bates labeled.  If a party produces ESI in a format that is not its native format, the producing party shall identify the native format of the ESI to the other party.

7. <u>Discovery Sequencing</u>.  Have the parties agreed on a plan for the sequencing of discovery in this matter?    **<u>Yes</u>**    No

If yes, please describe such agreements:  The parties will complete discovery as set forth in the Proposed Case Management Plan.

If no, please describe the efforts undertaken to reach agreement and identify the issues that remain outstanding:

8. Search Protocol.  Have the parties agreed on any protocol for the identification and review of relevant ESI (*e.g.*, search terms, predictive coding, etc.)?   **Yes**    No

   If yes, please describe such agreements, including, if applicable, a list of agreed search terms to be used:

   Agreed Search Terms:  Steven Risi; Steve Risi; Kimberly McGuire; Kim McGuire; proceeds; sale; collateral; late; default; dealer; floor plan; out of trust; 2006 SAAB 9-7X; VIN 5S3ET13S162804167; Colleen Campbell; John Taffe

   If no, please describe the efforts undertaken to reach agreement and identify the issues that remain outstanding:

9. Preservation.  Describe what efforts each party has undertaken to ensure the preservation of ESI potentially relevant to this matter and identify any unresolved issues pertaining to the preservation of ESI in this matter?

   Plaintiff:  As previously stated, Plaintiff reasonably believes the majority of the ESI for this matter would be located in the Discover system. The Discover system is routinely backed up to preserve data within the system.

   Defendants:  The computer that contains relevant ESI is in the possession of Defendants.  Defendants have not destroyed and do not intend to destroy any relevant ESI from that computer.

   Unresolved issues:  None.

10. Cost of Production.  Each party should analyze the data provided in paragraph 2 and provide an estimate of the costs associated with production of ESI in this matter:

    Each party will bear its own costs associated with the production of ESI.

11. Cost Allocation/Savings.  Describe below the parties' discussions regarding cost-shifting or cost-savings measures in this matter and set forth in detail any agreements reached between the parties in that regard:

3

> The parties have agreed to use search terms in an effort to reduce the cost of producing ESI.

12. <u>Discovery Proportionality</u>.  Do the parties agree that the discovery of ESI in this matter satisfies the proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C)?
    **<u>Yes</u>**   No

    If no, identify the nature of the dispute:

13. <u>Claw Back Agreement</u>.  Have the parties agreed on the following unintentional production "claw back" provision?   **<u>Yes</u>**   No

    > In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

    If no, set forth the alternative provision being proposed?

14. <u>Other</u>. Identify all outstanding issues or disputes concerning ESI not otherwise addressed herein.

    Plaintiff:  None.

    Defendants:  None.

4

I\10750404.2